# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNIE BROWN, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 05-2274 (RCL) |
| DISTRICT OF COLUMBIA, <u>et al.</u>, | : |
| Defendants. | : |

## DEFENDANT DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant District of Columbia Department of Corrections (DOC),[1] by and through counsel, moves this Court for an order of dismissal pursuant to FRCP 12(b)(6), as it is *non sui juris*. Although the District of Columbia would be the proper party defendant, it should not be substituted as the defendant in this action because of the following: 1) Plaintiff has not alleged a constitutional violation for which she is entitled to relief from the District; 2) All of plaintiff's common law claims must be dismissed because she received workers' compensation benefits as a result of the alleged injuries that form the basis of this complaint, and 3) Plaintiff's action lies in negligence, and she therefore cannot maintain a claim for assault and battery. Support for this motion is set forth in the accompanying memorandum of points and authorities attached hereto and incorporated herein.

WHEREFORE, this defendant requests that plaintiff's complaint be dismissed against it with prejudice.

---

[1] The Office of the Attorney General (OAG) has not received requests for representation for defendants Brown and Trimmer, and therefore does not provide representation to them at this time. However, it appears that those defendants have not been properly served and should be dismissed from this matter pursuant to FCRP 4(m).

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____\s_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

By:   _____\s_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295
Counsel for Defendant DOC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANNIE BROWN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 05-2274 (RCL) |
| | : |
| DISTRICT OF COLUMBIA, <u>et al.</u>, | : |
| | : |
| Defendants. | : |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

In support of its motion for summary judgment, defendant DOC states as follows:

**PRELIMINARY STATEMENT**

**I.   Statement of the Relevant Facts**

This lawsuit arises out of an incident that allegedly occurred at the District of Columbia Jail (DC Jail) on or about September 20, 2002. *See* Complaint, ¶ 8. Plaintiff alleges that defendant Trimmer opened the wrong cell door and that an inmate, Tyrone Creech, came out and attacked her. *Id.,* ¶ 9. Plaintiff alleges gross negligence, emotional distress, assault and battery, and unspecified constitutional violations against the named defendants.[2] *See generally,* Complaint.

On October 15, 2002, plaintiff received disability compensation for the injuries which she allegedly suffered as the result of the incident on September 22, 2002, that is the subject of this litigation. Exhibit #1, Compensation Acceptance Order. As set forth below, defendant DOC is

---
[2] Plaintiff states in paragraph #2 of her Complaint that she is bringing this action against the Department of Corrections pursuant to 42 U.S.C. § 1983 for their "deprivation, under the color of law, of rights secured to plaintiff under the Constitution of the United States." Beyond this declaration, plaintiff's complaint never references any specific constitutional violations. *See,* Part V, *infra.*

3

entitled to dismissal, and the District of Columbia should not be substituted as the party defendant in this litigation.

## ARGUMENT

**II.     Standard of Review Pursuant to Federal Rule of Civil Procedure 12(b)(6).**

The legal standard for a motion to dismiss under Rule 12(b)(6) was recently set forth in *Himmelman v. MCI Communications,* 104 F. Supp. 2d 1, 3 (D.D.C. 2000)  According to the Court, a motion to dismiss for failure to state a claim upon which relief may be granted tests not whether the plaintiff will prevail on the merits, but instead whether or not he has properly stated a claim.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236(1974).  The court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73, (1984); *Atchison v. D.C.*, 73 F.3d 418, 421 (D.C. Cir. 1996).  In deciding such a motion, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff.  See *Maljack Prods. v. Motion Picture Ass'n*, 52 F.3d 373, 375 (D.C. Cir. 1995).  The court need not, however, accept as true the plaintiff's legal conclusions.  *See Taylor v. F.D.I.C.,* 132 F.3d 753, 762 (D.C. Cir. 1997).  Nor need the court accept unsupported assertions, unwarranted inferences or sweeping legal conclusions cast in the form of factual allegations.  *See Miree v. DeKalb County*, 433 U.S. 25, 27(1977).  The court may consider the allegations of the complaint, documents attached to or specifically referred to in the complaint, and matters of public record. *See* 5A Wright & Miller, FEDERAL PRACTICE & PROCEDURE §1357 at 299 (2d ed. 1990).

**III.     Plaintiff May Not Maintain Her Cause of Action Against Defendant DOC.**

It is clear that for an entity or governmental agency of the District of Columbia to be sued, such provisions must be contained in the respective agency's enabling statute. *Roberson v. The District of Columbia Board of Higher Education,* 359 A.2d 28, 31 n. 4 (D.C. 1979). Specifically, the enabling statute must provide that the agency or entity is empowered to "…complain and defend in its own name in any court of competent jurisdiction." *Kelley v. Morris,* 400 A.2d 1045 (D.C. 1979). The DOC is not *sui juris*. The DOC's enabling statute, D.C. Official Code § 24-442 (1981 ed.), defines the Department's powers and responsibilities. The DOC is not provided with the authority to either complain or defend in its own name in a court of competent jurisdiction. The DOC therefore is not *sui juris* and must be dismissed from this case. See *Kelly v. Morris,* 400 A.2d 1045 (D.C. 1979). For the following reasons, the District should not be substituted[3] as the party defendant in this case.

**IV.     Plaintiff Fails to Allege a Constitutional Claim Against the District for Which She Is Entitled to Relief.**

    **A.     Plaintiff is Not Entitled to Relief Under the Due Process Clause.**

Plaintiff references violations pursuant to 42 U.S.C. § 1983, against this defendant, but fails to specifically identify any conduct for which this municipality can be held liable. *See* Complaint, ¶ 2. Moreover, plaintiff's cause of action sounds in negligence and does not rise to the level of a constitutional violation. As the Supreme Court stated in *Daniels v. Williams*, 474 U.S. 327, 328 (1986), "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty or property."

---

[3] The District submits that if this Court substitutes the District as a defendant, the District remains entitled to proper service pursuant to FRCP 4(m), and the District does not waive its rights pursuant to service.

The plaintiff in *Daniels* was a prisoner who sought damages under 42 U.S.C. § 1983, for back and ankle injuries he allegedly sustained when he slipped and fell in a stairwell when a correctional deputy left a pillow on the steps. *Daniels,* 474 U.S. at 328. The Daniels' Court opined that this type of slip and fall is a matter traditionally handled by state tort laws. According to the Court, to apply the Due Process Clause to a slip and fall case "would trivialize the centuries-old principle of due process of law." *Id.* at 332.

The Supreme Court considered a similar issue in *Davidson v. Cannon*, 474 U.S. 344 (1986). The *Davidson* plaintiff was a prisoner who also sought damages under 42 U.S.C. § 1983. Plaintiff claimed that after he had been threatened by another prisoner, he sent a note of the incident to the corrections officer, who left the note on his desk and ultimately forgot about it. *Davidson*, 474 U.S. at 345-46. The threatening prisoner made good on his threat and attacked and injured the plaintiff. *Id.* at 346. The plaintiff argued that the prison officials' failure to take steps to protect him deprived him of a liberty interest in "personal security." *Id.* Like the *Daniels* case, the *Davidson* matter was essentially a negligence action that was pled as a due process violation under 42 U.S.C. § 1983. The *Davidson* Court held that the prison officials' failure to exercise reasonable care "led to a serious injury, but that lack of care simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent." *Id.* at 347-48.

Under *Daniels* and *Davidson*, negligent conduct cannot cause a deprivation of a protected due process interest, regardless of the severity of the injuries. In the instant case, plaintiff alleges that the negligent acts of the individually named defendants resulted in her being attacked by an inmate. According to the *Daniels* and *Davidson* rulings, this type of negligence does not

implicate a due process interest under 42 U.S.C. § 1983, and as such, plaintiff's claims under 42 U.S.C. § 1983 must be dismissed.

### B. Plaintiff Has Failed to Implicate a District Custom, Policy or Practice That Was the Moving Force Behind Her Alleged Injuries.

Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), an individual bringing a Civil Rights Act claim against a municipality must show that action pursuant to official municipal policy custom or practice of some nature caused a constitutional tort. *Monell*, 436 U.S. at 691. *See Arnold v. District of Columbia*, 980 F. Supp. at 36 (D.D.C. 1997)(dismissing plaintiff's complaint against District of Columbia on ground that plaintiff "fail[ed] to allege that any of the defendants took an unconstitutional action pursuant to an official policy or regulation brought about by the decisions of an official with final policy making authority, or that his injuries were the result of the defendants' acquiescence to a longstanding practice or custom that constitutes the standard operating procedure of the government entity.").

A claim based on pattern, policy or custom must "…present concentrated, fully packed precisely delineated scenarios…" *Carter v. District of Columbia,* 795 F.2d 116, 125 (D.C. Cir. 1986). Custom, or pattern and practice may be established by proof of knowledge and acquiescence," and must amount to a "…deliberate indifference towards the constitutional rights of those in its domain." *Deskalea v. District of Columbia,* 227 F.3d 433, 441 (D.C. Cir. 2000); *Cox v. District of Columbia,* 821 F. Supp. 1, 13 n.12 (D.D.C. 1993). *Respondeat superior* cannot form the basis for liability against a municipality under § 1983". See *Monell, supra.*

In the case at bar, plaintiff fails to specifically identify any District custom, practice or policy that forms the basis of her lawsuit, and for which the District may be held liable. As such,

substituting the District as a named party defendant in this litigation would be futile, as it cannot be held liable to plaintiff for her injuries as a matter of law.

## V.     Plaintiff is Statutorily Barred from Suing the District.

Plaintiff received worker's compensation benefits by the District for her alleged injury suffered on September 22, 2002.  Exhibit #1, Compensation Acceptance Order.  D.C. Official Code § 32-1504 (2001 ed.) states in pertinent part:

> (a) The liability of an employer prescribed in § 32-1503 shall be exclusive and in place of all liability of such employer to the employee, his legal representative, husband or wife, parents, descendents, next of kin, and anyone otherwise entitled to recover damages from such employer at law on account of such injury or death.
> (b) The compensation to which an employee is entitled under this chapter shall constitute the employee's exclusive remedy against the employer, or any collective-bargaining agent of the employer's employees and any employee, officer, director, or agent of such employer, insurer, or collective-bargaining agent (while acting within the scope of his employment) for any illness, injury, or death arising out of and in the course of his employment; provided, that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law for damages on account of such injury or death.  In such action the defendant may not plead as a defense that injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of employment, nor that the injury was due to the contributory negligence of the employee.

In *Hicks v. Allegheny East conference Association of Seventh-day Adventists, Inc.,* 712 A.2d 1021, 1022 (D.C. 1998), the Court stated, "[i]t is undisputed that when an employee is injured or killed in the course of employment, the workers' compensation remedy is the exclusive remedy available to the employee.  Workers' compensation is a substitute for any liability of the employer to the employee who otherwise would be entitled to recover damages from such employer at law

on account of an injury or death suffered by the employee." The *Hicks* Court fully captured the essence of D.C. Official Code § 32-1504, which is essentially that workers' compensation is the exclusive remedy for injured employees against their employers, and that its exclusivity extends to the filing of civil actions for money damages against the employer.

The exclusive remedy provided to plaintiff through workers' compensation precludes this lawsuit against the District. As such, substitution of the District as the proper party defendant in this case is futile, as plaintiff has exhausted her exclusive remedy against this defendant.

WHEREFORE, defendant DOC respectfully requests this Court to grant its motion to dismiss for the reasons set forth above.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    _____\s_____
    PATRICIA A. JONES [428132]
    Chief, General Litigation Sec. IV

By:    _____\s_____
    MICHAEL P. BRUCKHEIM [455192]
    Assistant Attorney General
    441 4TH Street, NW, 6th Floor-South
    Washington, D.C. 20001
    202-724-6649; 202-727-6295
    Counsel for Defendant DOC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANNIE BROWN, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 05-2274 (RCL) |
| DISTRICT OF COLUMBIA, et al., | : |
| Defendants. | : |

### **ORDER**

Upon consideration of defendant District of Columbia Department of Corrections' Motion to Dismiss Plaintiff's Complaint, the Memorandum of Points and Authorities in support thereof, any opposition thereto, and the record herein, it is, this ____ day of _____, 2006;

ORDERED; that defendant's Motion is hereby granted for the reasons set forth in its motion; and it is

FURTHER ORDERED; that the District of Columbia shall not be substituted as a party defendant, and it is,

FURTHER ORDERED: that plaintiff's Complaint is dismissed with prejudice as against defendant DOC and may not be refiled as against the District of Columbia.

_____
Judge Royce C. Lamberth